# McDonald v. Philadelphia, Appellant.

*Negligence—Municipalities—Defects in street—Notice of defect—Automobiles—Passengers—Case for jury — Trials—Continuance—Refusal—Judicial discretion.*

1. Where an automobile ran into a hole in a public street whereby injuries resulted to a passenger in the car, the case was properly submitted to the jury in an action brought by such passenger against the municipality, there being evidence that the street had

been negligently maintained, that defendant had actual or constructive notice of its defective condition for a sufficient time prior to the accident to have enabled it to make repairs and that the defective condition of the street was the proximate cause of the accident.

2. In such case the court committed no abuse of judicial discretion in refusing to continue the case where counsel for the plaintiff in cross-examination of a witness for defendant sought to elicit hearsay evidence and upon objection thereto argued the admissibility of such evidence; the court sufficiently protected defendant's rights by sustaining the objection thereto.

Argued Jan. 21, 1915. Appeal, No. 134, Jan. T., 1914, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1912, No. 3872, on verdict for plaintiff, in case of Joseph McDonald v. City of Philadelphia. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

From the record it appeared that plaintiff was riding in an automobile as the guest of the owner's chauffeur. The automobile ran into a hole in the street, swerved and struck an electric light pole. The occupants of the car were thrown out and plaintiff was injured.

Other facts appear in Sisson v. Philadelphia, 248 Pa. 140; McNulty v. Philadelphia, 248 Pa. 143, and in the opinion of the Supreme Court.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were rulings on evidence, the refusal of the court to direct a verdict for defendant, to enter judgment for defendant n. o. v. and the fifth assignment of error, which was as follows:

5. The learned trial judge erred when the witness, W. Purves Taylor, was on the stand in ruling as follows: Cross-examination by Mr. Mackey:

"Q. You had had many reports come to your depart-ment of accidents there, had you not?

"(Objected to.)

"The Court: If the witness had actual knowledge of accidents occurring there, it would be proper to question him, but this, I take it, is nothing more than something said by a third party, hearsay.

"Mr. Mackey having argued the point to the court, Mr. Reilly stated:

"May it please your honor, I move for the withdrawal of a juror.

"(Motion refused.)

"(Exception noted for defendant by direction of the court.)"

*Paul Reilly,* Assistant City Solicitor, with him *Thomas Boylan,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.

*Harry A. Mackey,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 8, 1915:

The plaintiff was a passenger in the automobile which ran into a hole in the street, thus causing the accident from which his injuries resulted. Several persons were injured and separate suits were brought to recover damages. We have just considered two of the cases growing out of the same accident, and the case at bar is controlled by what was there said both as to the law and facts. At the trial the burden was on plaintiff to show that the street in question had been negligently maintained; that the city either had constructive or actual notice of the defective condition in time to make repairs; and that the defective condition of the street was the proximate cause of the injuries. The plaintiff assumed the burden and introduced testimony relating to each of these questions. The evidence is convincing that the street was in a defective condition, also that the city had

notice of the defective condition; and the jury found that the defects complained of caused the injuries for which damages are claimed in this action. The contributory negligence of plaintiff was relied on as a defense at the trial, and this question was submitted to the jury with full instructions as to what the law requires in this respect. We cannot see how appellant can justly complain of the manner in which every question involving the rights of the parties was submitted to the jury. That it was a case for the jury must be conceded, and that it was fairly submitted cannot be gainsaid. Under the facts of this case there is no merit in the contention that the learned trial judge erred in refusing to withdraw a juror and continue the case. This is a matter largely in the discretion of the trial judge, and there was nothing in the conduct of the trial to bring the case within the rule of those cases in which improper remarks were made by counsel, or in which irrelevant testimony was improperly offered for the very purpose of creating a prejudice in the minds of jurors. There is nothing of that character in the case at bar, and certainly nothing to justify a reversal of the judgment for that reason.

Judgment affirmed.